THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STUYVESANT INSURANCE COMPANY, Appellant. (FRANK BARBATO, Principal.) — Order of the Supreme Court, Kings County, dated October 11, 1965, denying the motion of appellant, the bail surety for its principal, to remit the forfeiture of its undertaking filed on behalf of the principal and to vacate the judgment resulting from the bail forfeiture, reversed on the law and the facts and in the exercise of discretion, and motion granted, without costs. Findings of fact contained or implicit in the court's oral decision which are inconsistent herewith are reversed and new findings are made as indicated herein. The principal was convicted after trial of violation of section 986 of the Penal Law (book-making) and section 986-b of the Penal Law (possession of book-making or pool-selling records). On one conviction or count he was sentenced to a term of 60 days and to pay a fine of $500 or to serve 60 days additional. On the other, he was sentenced to a term of 60 days. The sentences were directed to run concurrently. The principal obtained a certificate of reasonable doubt; and, on July 22, 1963, the surety issued its appeal bond in the sum of $1,000 and the principal was released on bail. The judgment of conviction was affirmed by the Appellate Term; and the Criminal Court of the City of New York sent notices to the surety, to the principal and to the indemnitor on the bond, requiring the principal to appear on January 4, 1965, 18 months after the bond was issued. He failed to appear on that date and the bond was forfeited. Judgment on the

forfeiture was entered on January 5, 1965. The principal was notified of the forfeiture and, on January 15, 1965, he appeared voluntarily in the Criminal Court and was committed on the original commitment. He contends that the reason he did not appear on January 4, 1965 was because he did not receive a notice to appear on that date. The Criminal Term of the Supreme Court denied the surety's motion despite the consent of the District Attorney to vacate the forfeiture upon payment of costs. On this appeal the District Attorney states that 50% of the $1,000 bail, namely $500, "would be an adequate sanction" and he consents to a remission of 50% of the forfeited bail. There was no prejudice or expense to the People and a delay of only 11 days. The principal had already been found guilty and sentenced and was only required to serve his sentence. The People did not expend any money to locate him and to notify him that he had failed timely to appear. When he was released on the certificate of reasonable doubt, he was not required to attend the Criminal Court until the appeal was decided and he was required to surrender himself. Eighteen months elapsed between the time the bond was issued and the time that notices were sent requiring the principal to surrender himself after the judgment of conviction was affirmed. Professional sureties and the bail device perform a useful and humane social purpose (*People* v. *Peerless Ins. Co.,* 21 A D 2d 609, 621; *People* v. *Stuyvesant Ins. Co.,* 24 A D 2d 990). In our opinion, despite the fact that the principal has a criminal record, particularly with gambling cases, it may not be held that his failure to appear was deliberate and willful. We are constrained to hold that remission was warranted and that it was an improvident exercise of discretion to deny the motion (*People* v. *Peerless Ins. Co., supra; People* v. *Stuyvesant Ins. Co., supra; People* v. *Fiannaca,* 306 N. Y. 513). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.